O’Gorman, J.
The question here is, whether a sum of money deposited in the Union Trust Co. of Hew York by William H Griswold, to his credit, under the name and designation of William H. Griswold “intrust,” was, at the time of the commencement of this action, his individual property, and available to his judgment creditors for payment of his debts ; or whether it was then the property of his wife, Harriet E. Griswold, as being held by bim in trust for her.
The evidence does not, in my opinion, sustain her contention in this action that the money so deposited to the *756 credit of Griswold, “in trust,” was her property and not that of her husband.
For many years before the commencement of this action she gave to her said husband, from time to time, various sums of money, without at any time giving him any instructions or imposing on him any restrictions or limit as to the uses to which the money should be applied by him, or fixing upon any time for payment by him to her.
She never asked from him and he never gave to her any receipt or acknowledgment for the money so received by him from her, and she never asked and he never gave her any account as to the manner in which the money or any part of it was expended.
He kept no other bank account but this. He deposited to the credit of this account all moneys received by him from her, and from all persons in his ordinary business, and he drew against this account for all moneys expended by him in his business and otherwise.
There is no evidence that it was ever understood or suspected by the company that any one but Griswold made any claim to ownership of the money so deposited.
The existence of a trust must be proved either as the result of a contract or as depending on some inference of the existence of a contract, which inference may be natural and necessary to prevent serious injustice.
There is no evidence in this case from which any such contract between Griswold and his wife can be gathered or presumed.
The fact that Mrs. Griswold, herself one of the defendants, was not examined as a -witness is significant.
The relations between her and her husband are those only of creditor and debtor.
Her title to her money deposited by him was only a chose in action on which she could bring suit against him in any appropriate form.
The relations of Griswold to the Union Trust Co. were also those of creditor and debtor.
The testimony that some of this money so deposited had been formally assigned to her, and formally paid to her by Griswold and returned to him and by him deposited in bank to his credit “in trust,” seems to me immaterial, and in no wise changes the relation of the parties.
The fact that Griswold chose to have the account between the Union Trust Co. and him designated as that of William N. Griswold, “in trust,” is also immaterial.
There is no evidence that he did so at the instance of his wife, or even that she knew he had done so.
If, in fact, he treated it in all respects as his own account, and subject to his own individual and unquestioned author *757 ity as to its use, it must* be regarded, as to all intents and purposes, his own account, and the money deposited thereunder as his own money
My conclusion is, that the plaintiff is entitled to the judgment and relief demanded by her in her complaint.